IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANZHOU NEW HUNTER BAGS & LUGGAGES (LIGHT INDUSTRY) CO., LTD., <br><br>*Plaintiff*, <br><br>v. <br><br>SPRAY MORET, LLC, <br><br>*Defendant.* | Civil Action No. 1:24-cv-9691 <br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Quanzhou New Hunter Bags & Luggages (Light Industry) Co., Ltd. ("Hunter Bags" or "Plaintiff"), files this Complaint against Defendant Spray Moret, LLC ("Spray Moret" or "Defendant"), and as claim for relief states as follows:

### NATURE OF THE ACTION

1. This is an action for state and federal claims of misappropriation of trade secrets, unfair competition, and unjust enrichment.

### PARTIES

2. Plaintiff is a Chinese company located at Yingbin East Road, Chengnan Industry Zone, Hui'an Country, Quanzhou, Fujian, China.

3. On information and belief, Defendant is a New York limited liability company with its principal place of business located at 1411 Broadway, 8th Floor, New York, New York 10018.

### JURISDICTION

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because

1

Plaintiff's federal trade secret misappropriation claim arises under the laws of the United States, specifically the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.*, and Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.  Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a Chinese company, Defendant is a New York company, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the State of New York and is organized and existing pursuant to the laws of New York.  Further, Defendant does business in New York, markets, promotes, and advertises its products in New York, and commits acts of trade secret misappropriation in New York.  Defendant purposefully directs its activities at residents of New York, and Plaintiff's claims arise out of and relate to these activities.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

**FACTUAL BACKGROUND**

7. Hunter Bags, established in 1997, is an innovator in the design and manufacture of bag and luggage products sold throughout the world, including within the United States and within this District.  Hunter Bags has manufactured bag and luggage products sold under many well-known brand names, including Columbia Sportswear, Disney, Fila, Puma, Samsonite, Travelpro, and others.  Hunter Bags has also manufactured bag and luggage products sold under Defendant's Sprayground brand.

8. Fuzhou Hunter Product Import & Export Co., Ltd. ("Hunter Product Import & Export"), a Chinese company also established in 1997, acts as the import/export agent of Hunter Bags.

9. Hunter Bags, Hunter Product Import & Export, and other commonly owned companies (collectively, the "Hunter Group") make up the Hunter Group. Hunter Bags is primarily responsible for the research and development activities of the entire Hunter Group. The Hunter Group has delivered more than 100 million bags throughout the world, serving over 5,000 corporate customers.

10. The design and manufacturing industry is a highly competitive industry. To gain and maintain a competitive advantage, Plaintiff expends substantial time, effort, and resources developing, creating, and maintaining, among other things: (1) confidential and proprietary information, including but not limited to information about the Hunter Group, its employees, and its customers, operational and financial information, product information, marketing and sales strategies, and institutional knowledge relating to the design and manufacturing industry (collectively, "Confidential Business Information"); (2) trade secrets, including but not limited to financial, business, technical, and engineering information, including but not limited to patterns, plans, designs, prototypes, methods, techniques, processes, and procedures relating to the design and manufacture of bag and luggage products (collectively, "Trade Secrets"); and (3) relationships with customers, employees, and third-party suppliers.

11. The Hunter Group's Confidential Business Information and Trade Secrets are not generally known to the public or within the design and manufacturing industry and have independent economic value because the information is not readily ascertainable by independent investigation and provide Plaintiff with a significant competitive advantage.

3

12. Competitors would greatly benefit from obtaining Plaintiff's Confidential Business Information and Trade Secrets. Accordingly, Plaintiff takes care to safeguard and protect its Hunter Group Confidential Business Information and Trade Secrets from disclosure or use by competitors, third parties, or the public.

13. Plaintiff's efforts to maintain the secrecy of its Confidential Business Information and Trade Secrets include, but are not limited to, the following: (1) implementing policies and procedures that limit access to such information; (2) entering into confidentiality and non-compete agreements with Plaintiff's employees; (3) limiting internal distribution of the information to only those employees who need the information to perform their specific job functions; (4) restricting physical and technological access to the information; (5) securing the physical and electronic storage of the information; and (6) clearly and conspicuously marking the information as confidential.

14. For example, Plaintiff maintains password protections, trains employees to safeguard Confidential Business Information and Trade Secrets, marks confidential materials with confidentiality provisions, and operates in a culture and environment where employees understand and take seriously the need to keep all Hunter Group Confidential Business Information and Trade Secrets confidential.

15. Ms. Rita Zhang ("Ms. Zhang") became an employee of Plaintiff in April 2007. At that time, Ms. Zhang, who had just graduated from a regional university in China, had no experience in the design and manufacturing industry.

16. In accordance with Chinese labor laws at that time, Ms. Zhang and Plaintiff executed a standard labor agreement using a template contract required by the labor bureau. Ms. Zhang signed the agreement, which was stamped by the labor bureau and then returned to Ms.

Zhang. Upon receipt, Ms. Zhang signed an acknowledgement sheet indicating that the executed agreement had been given to her and that she had read and agreed to abide by Plaintiff's employee handbook.

17. Pursuant to the standard labor agreement executed by Ms. Zhang and Plaintiff in accordance with Chinese labor laws at that time, Ms. Zhang agreed to strictly abide by national laws, regulations, and rules. This included an express agreement to keep Plaintiff's Confidential Business Information and Trade Secrets confidential and secret.

18. Upon her hiring, Ms. Zhang initially served as a Sales Merchandiser. She was later promoted to Sales Manager of OEM (original equipment manufacturer) Production.

19. In her role as Sales Manager of OEM Production, Ms. Zhang was given access to and was permitted to use Plaintiff's Confidential Business Information and Trade Secrets to the extent necessary to perform her duties during her employment. This access and permission was given based upon Ms. Zhang's position as an employee of Hunter Bags and her express agreement to keep Plaintiff's Confidential Business Information and Trade Secrets confidential and secret.

20. Ms. Zhang knew that the information she was given access to and was permitted to use constituted Confidential Business Information and Trade Secrets, knew that she had a duty to keep the information confidential and secret, and understood that using the Confidential Business Information and Trade Secrets for any unauthorized purpose would be misappropriation.

21. While employed by Plaintiff as Sales Manager of OEM Production, Ms. Zhang was responsible for maintaining Plaintiff's business with Defendant, including all aspects of production, testing, and costing. In this capacity, Ms. Zhang interfaced directly with Defendant.

22. On information and belief, Defendant is the owner of the Sprayground brand, under which Defendant sells bags, luggage, and backpack products, among other things. Defendant sells

its Sprayground products through online retail channels, including Defendant's www.sprayground.com website, in brick-and-mortar stores in every state in the United States, and through third-party retailers.

23. Defendant contracted with Hunter Product Import & Export for the delivery of bag and luggage products manufactured by Plaintiff to be sold under Defendant's Sprayground brand. In fulfilling these orders, Plaintiff used its Confidential Business Information and Trade Secrets to manufacture the bag and luggage products sold to Defendant.

24. At the time Ms. Zhang was responsible for maintaining Plaintiff's business with Defendant, Plaintiff manufactured approximately 50% of all Sprayground bag and luggage products.

25. In January 2019, Ms. Zhang left her job with Plaintiff.

26. Ms. Zhang improperly retained Hunter Group's Confidential Business Information and Trade Secrets after leaving her job with Plaintiff.

27. In November 2023, Defendant informed Plaintiff that it had hired Ms. Zhang as its Quality Production Supervisor.

28. On information and belief, prior to Ms. Zhang's hiring, Defendant did not have a production manager. In her role as Quality Production Supervisor, Ms. Zhang manages all aspects of production relating to Defendant's Sprayground bag and luggage products

29. Ms. Zhang has misappropriated Hunter Group's Confidential Business Information and Trade Secrets by disclosing the improperly retained information to Defendant and using this information as an employee of Defendant for the benefit of Defendant and to the detriment of Plaintiff.

30. Ms. Zhang had a duty to keep Plaintiff's Confidential Business Information and Trade Secrets confidential and secret yet breached that duty by disclosing the improperly retained information to Defendant and using this information as an employee of Defendant for the benefit of Defendant and to the detriment of Plaintiff.

31. Defendant knew of Ms. Zhang's duty to protect Plaintiff's Confidential Business Information and Trade Secrets yet induced Ms. Zhang to breach her duty so that Defendant could use the information that Ms. Zhang had improperly retained.

32. Defendant has misappropriated Plaintiff's Confidential Business Information and Trade Secrets by using the information improperly retained by Ms. Zhang to benefit itself to the detriment of Plaintiff.

33. Defendant has used the misappropriated Trade Secrets to establish and operate its own factories for the manufacture of bag and luggage products, such that bag and luggage products previously manufactured by Plaintiff and sold under Defendant's brand are instead manufactured by Defendant. In doing so, Defendant has ceased to rely on Plaintiff's services and has eliminated Plaintiff from the relevant market.

34. After November 2023 (when Defendant informed Plaintiff that it had hired Ms. Zhang as its Quality Production Supervisor), Defendant continued to work with Plaintiff for an additional seven months, all the while creating the impression that the parties' existing business relationship would continue.

35. During that time, Plaintiff worked on developing Defendant's 2024 product line, including the material development process.

36. Under the guise of continuing the parties' existing business relationship, Defendant sent its employees to Plaintiff's factory, where Defendant's employees took videos, photos, and swatches.

37. The videos, photos, and swatches obtained by Defendant would only be useful to Defendant when used in conjunction with the Confidential Business Information and Trade Secrets improperly retained by Ms. Zhang and disclosed to Defendant.

38. Defendant used the videos, photos, and swatches taken from Plaintiff's factory for Defendant's benefit to the detriment of Plaintiff.

39. After Plaintiff worked on developing Defendant's 2024 product line, including the material development process, and after Defendant's employees took videos, photos, and swatches from Plaintiff's factory, Defendant ceased its business with Plaintiff.

40. Plaintiff did not manufacture any products from Defendant's 2024 product line that Plaintiff worked on developing.

41. Defendant used Plaintiff's work on developing Defendant's 2024 product line, including the material development process, together with Plaintiff's Confidential Business Information and Trade Secrets, to benefit Defendant to the detriment of Plaintiff after Defendant ceased its business with Plaintiff.

## COUNT ONE
### Misappropriation of Trade Secrets Under the Defend Trade Secrets Act
### 18 U.S.C. §§ 1836, *et seq.*

42. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–41 herein.

43. Plaintiff possesses valuable Trade Secrets, including but not limited to financial, business, technical, and engineering information, including but not limited to patterns, plans,

designs, prototypes, methods, techniques, processes, and procedures relating to the design and manufacture of bag and luggage products.

44. Plaintiff's Trade Secrets relate to products and/or services used in and intended for use in interstate and/or foreign commerce.

45. Ms. Zhang had access to and acquired Plaintiff's Trade Secrets as a result of her employment relationship with Plaintiff and under circumstances where Ms. Zhang was vested with extreme trust and confidence and had a duty to protect and maintain the secrecy of Plaintiff's Trade Secrets.

46. Through Ms. Zhang, Defendant gained access to and acquired Plaintiff's Trade Secrets, which were not previously known to Defendant.

47. Defendant knew that the information Plaintiff provided to Ms. Zhang comprised Plaintiff's Trade Secrets yet induced Ms. Zhang to breach her duty to protect this information so that Defendant could use the Trade Secrets that Ms. Zhang had improperly retained.

48. Plaintiff has invested significant money and other resources into developing and protecting its Trade Secrets.

49. Plaintiff enjoys an advantage over existing and would-be competitors in the design and manufacturing industry by virtue of its Trade Secrets, which have been developed and/or compiled over years of hard work and through the substantial investment of money and resources.

50. Plaintiff derives significant competitive and economic benefits insofar as the Trade Secrets are not readily available to the public and are not readily ascertainable or duplicated by others, and as such the Trade Secrets have independent economic value.

51. Plaintiff has taken reasonable steps designed to safeguard the secrecy of its Trade Secrets, including but not limited to the following: (1) implementing policies and procedures that

limit access to Trade Secrets; (2) entering into confidentiality and non-compete agreements with Plaintiff's employees; (3) limiting internal distribution of Trade Secrets to only those employees who need the information to perform their specific job functions; (4) restricting physical and technological access to Trade Secrets; (5) securing the physical and electronic storage of Trade Secrets; and (6) clearly and conspicuously marking Trade Secrets as confidential.

52. Ms. Zhang has used Plaintiff's Trade Secrets and disclosed them to Defendant, who has used Plaintiff's Trade Secrets to cease Defendant's reliance on Plaintiff's services and eliminate Plaintiff from the relevant market.

53. Defendant has used the misappropriated Trade Secrets to establish and operate its own factories for the manufacture of bag and luggage products, such that bag and luggage products previously manufactured by Plaintiff and sold under Defendant's brand are instead manufactured by Defendant.

54. Defendant has used and intends to use Plaintiff's Trade Secrets for its economic benefit to the detriment of Plaintiff.

55. Defendant's improper use of Plaintiff's Trade Secrets has resulted in significant and irreparable harm to Plaintiff.

56. Defendant's improper use of Plaintiff's Trade Secrets has provided Defendant with an unfairly obtained competitive advantage.

57. Defendant's misappropriation of Plaintiff's Trade Secrets has directly and proximately caused damages to Plaintiff, and Plaintiff is therefore entitled to an award of actual damages in an amount to be proven at trial.

58. Defendant's misappropriation of Plaintiff's Trade Secrets has been and continues to be conducted in a willful and malicious manner, and Plaintiff is entitled to exemplary damages

under 18 U.S.C. § 1836(b)(3)(C) in an amount not exceeding two times the award of damages as well as to attorneys' fees under 18 U.S.C. § 1836(b)(3)(D).

59. At all relevant times, the actions described above have caused and are continuing to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to offend unless enjoined.

60. Plaintiff is entitled to injunctive relief against Defendant to prevent further damage and harm to Plaintiff.

## COUNT TWO
### Misappropriation of Trade Secrets Under New York Law

61. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–60 herein.

62. Plaintiff possesses valuable Trade Secrets, including but not limited to financial, business, technical, and engineering information, including but not limited to patterns, plans, designs, prototypes, methods, techniques, processes, and procedures relating to the design and manufacture of bag and luggage products.

63. Ms. Zhang had access to and acquired Plaintiff's Trade Secrets as a result of her employment relationship with Plaintiff and under circumstances where Ms. Zhang was vested with extreme trust and confidence and had a duty to protect and maintain the secrecy of Plaintiff's Trade Secrets.

64. Through Ms. Zhang, Defendant gained access to and acquired Plaintiff's Trade Secrets, which were not previously known to Defendant.

65. Defendant knew that the information Plaintiff provided to Ms. Zhang comprised Plaintiff's Trade Secrets yet induced Ms. Zhang to breach her duty to protect this information so that Defendant could use the Trade Secrets that Ms. Zhang had improperly retained.

66.     Plaintiff has invested significant money and other resources into developing and protecting its Trade Secrets.

67.     Plaintiff enjoys an advantage over existing and would-be competitors in the design and manufacturing industry by virtue of the Trade Secrets, which have been developed and/or compiled over years of hard work and through the substantial investment of money and resources.

68.     Plaintiff derives significant competitive and economic benefits insofar as the Trade Secrets are not readily available to the public and are not readily ascertainable or duplicated by others, and as such the Trade Secrets have independent economic value.

69.     Plaintiff has taken reasonable steps designed to safeguard the secrecy of the Trade Secrets, including but not limited to the following: (1) implementing policies and procedures that limit access to Trade Secrets; (2) entering into confidentiality and non-compete agreements with Plaintiff's employees; (3) limiting internal distribution of Trade Secrets to only those employees who need the information to perform their specific job functions; (4) restricting physical and technological access to Trade Secrets; (5) securing the physical and electronic storage of Trade Secrets; and (6) clearly and conspicuously marking Trade Secrets as confidential.

70.     Plaintiff continuously uses its Trade Secrets in the operation of its business designing and manufacturing bag and luggage products.

71.     Ms. Zhang has used Plaintiff's Trade Secrets and disclosed them to Defendant, who has used Plaintiff's Trade Secrets to cease Defendant's reliance on Plaintiff's services and eliminate Plaintiff from the relevant market.

72.     Defendant has used the misappropriated Trade Secrets to establish and operate its own factories for the manufacture of bag and luggage products, such that bag and luggage products previously manufactured by Plaintiff and sold under Defendant's brand are instead manufactured

by Defendant.

73. Defendant has used and intends to use Plaintiff's Trade Secrets for its economic benefit to the detriment of Plaintiff.

74. Defendant's improper use of Plaintiff's Trade Secrets has resulted in significant and irreparable harm to Plaintiff.

75. Defendant's improper use of Plaintiff's Trade Secrets has provided Defendant with an unfairly obtained competitive advantage.

76. Defendant's misappropriation of Plaintiff's Trade Secrets has directly and proximately caused damages to Plaintiff, and Plaintiff is therefore entitled to an award of actual damages in an amount to be proven at trial.

77. Defendant's misappropriation of Plaintiff's Trade Secrets has been and continues to be conducted in a willful and malicious manner, and Plaintiff is entitled to exemplary damages.

78. At all relevant times, the actions described above have caused and are continuing to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to offend unless enjoined.

79. Plaintiff is entitled to injunctive relief against Defendant to prevent further damage and harm to Plaintiff.

## COUNT THREE
### Unfair Competition Under New York Law

80. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–79 herein.

81. Plaintiff has invested significant money and other resources into developing and protecting its Confidential Business Information and Trade Secrets.

82. Through Defendant's unauthorized use of Plaintiff's Confidential Business

13

Information and Trade Secrets, Defendant has unfairly misappropriated the significant competitive advantage belonging to Plaintiff.

83. Defendant has used the misappropriated Confidential Business Information and Trade Secrets to establish and operate its own factories for the manufacture of bag and luggage products in unfair competition with Plaintiff.

84. Defendant's acquisition and unauthorized use of Plaintiff's Confidential Business Information and Trade Secrets has been and continues to be willful, deliberate, and in bad faith.

85. Defendant's unfair competition with Plaintiff has resulted in significant and irreparable harm to Plaintiff.

86. Defendant's unfair competition with Plaintiff has directly and proximately caused damages to Plaintiff, and Plaintiff is therefore entitled to an award of actual damages in an amount to be proven at trial.

87. Defendant's unfair competition with Plaintiff has been and continues to be conducted in a willful and malicious manner, and Plaintiff is entitled to exemplary damages as well as to attorneys' fees.

88. At all relevant times, the actions described above have caused and are continuing to cause irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue to offend unless enjoined.

89. Plaintiff is entitled to injunctive relief against Defendant to prevent further damage and harm to Plaintiff.

## COUNT FOUR
### Unjust Enrichment Under New York Law

90. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–89 herein.

91. Plaintiff has invested significant money and other resources into developing and protecting its Confidential Business Information and Trade Secrets.

92. Through Defendant's unauthorized use of Plaintiff's Confidential Business Information and Trade Secrets, Defendant has been unjustly enriched with the significant competitive advantage belonging to Plaintiff.

93. To the detriment of Plaintiff, Defendant has used the misappropriated Confidential Business Information and Trade Secrets to establish and operate its own factories for the manufacture of bag and luggage products.

94. To the detriment of Plaintiff, Defendant has used Plaintiff's work on developing Defendant's 2024 product line, including the material development process, after Defendant ceased its business with Plaintiff. Plaintiff did not manufacture any products from Defendant's 2024 product line that Plaintiff worked on developing.

95. Defendant sent its employees to Plaintiff's factory, where Defendant's employees took videos, photos, and swatches. Defendant used the videos, photos, and swatches taken from Plaintiff's factory for Defendant's benefit to the detriment of Plaintiff.

96. Equity requires that Defendant not be permitted to retain the unfairly obtained competitive advantage.

97. Plaintiff is entitled to restitution for Defendant's unjust enrichment.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that this Court enter judgment against Defendant and in favor of Plaintiff:

A. For an award of compensatory, actual, and special damages, including damages to account for Plaintiff's lost profits;

B. For an award of exemplary and punitive damages;

C. For an accounting of all gains, profits, and advantages derived by Defendant as a result of its misappropriation and improper use of Plaintiff's Trade Secrets and Confidential Business Information;

D. For an injunction enjoining Defendant and its affiliates from accessing, disseminating, or otherwise using Plaintiff's Trade Secrets and Confidential Business Information and requiring that any such information in their possession be returned to Plaintiff;

E. For an award of restitution;

F. For an award of prejudgment and post-judgment interest until the judgment is paid in full;

G. For an award of attorneys' fees and costs as allowed by law; and

H. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b) Plaintiff hereby demands a trial by jury for all issues triable by jury.

Date:  December 16, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Dariush Keyhani*　　　　　　

　　　　　　　　　　　　　　　　　　Dariush Keyhani
　　　　　　　　　　　　　　　　　　District of Columbia Bar No. 1031500
　　　　　　　　　　　　　　　　　　Frances H. Stephenson (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　　　New York Registration No. 5206495
　　　　　　　　　　　　　　　　　　Scott M. Draffin (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　　　New York Registration No. 6095988
　　　　　　　　　　　　　　　　　　**KEYHANI LLC**
　　　　　　　　　　　　　　　　　　1050 30th Street NW
　　　　　　　　　　　　　　　　　　Washington, DC 20007
　　　　　　　　　　　　　　　　　　Phone: (202) 748-8950
　　　　　　　　　　　　　　　　　　dkeyhani@keyhanillc.com
　　　　　　　　　　　　　　　　　　fstephenson@keyhanillc.com
　　　　　　　　　　　　　　　　　　sdraffin@keyhanillc.com